MR. JUSTICE JOHN C. HARRISON
(concurring in part and dissenting in part):
I concur with the majority on issue one, that the case should be reversed, but I would return the case for a new trial.
I do not agree with the majority on issue two as to paid blood donors. The facts, as I understand them, concerning Sharon Holm would have made her a high risk donor. These facts brought out during trial need not be stated, but they did indicate that if defendant had made any inquiries she might not have been allowed to sell her blood.
Numerous cases have arisen in recent years whether either hospitals have been sued or a private blood bank, as here, for imperfect blood. Hoffman v. Misc.icordia Hospital of Phila *368 delphia, 439 Pa. 501, 267 A.2d 867, and cases cited therein. Some of these cases speak of an action in implied warranty ex contractu, and hold such an action cannot lie because the furnishing of blood is not a sale.
One court held that a distinction might possibly be drawn between a hospital that furnished medical services, and a blood bank which collected the blood and supplied it to the hospital. Koenig v. Milwaukee Blood Center, Inc., 23 Wis.2d 324, 127 N.W.2d 50.
I believe there is a distinction between a suit against a blood bank as opposed to a hospital. 103 U.Pa.L.Rev. 833; Gottsdanker v. Cutter Laboratories, 182 Cal.App.2d 602, 6 Cal.Rptr. 320, 79 A.L.R.2d 290.
I think as a matter of public policy that we should depart from the “sale v. service” category and examine the issue here as one primarily involving the question of implied warranty. Here expressions of sound policy preferences are more in harmony with the doctrine, which I feel should control. See Prosser, Strict Liability to the Consumer, 69 Yale Law Journal 1099, 1124. A hospital supplying whole blood to a patient may be merely performing service incident to the overall medical attention being furnished, such theory of “service” should not be extended to the private blood bank which collects and distributes the blood.
I would adopt the implied warranty theory as it applies to the case before us.